J-S06025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK CANTY | : | |
| | : | |
| Appellant | : | No. 971 EDA 2018 |

Appeal from the PCRA Order January 25, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0208661-1996

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED MAY 03, 2019**

Appellant, Mark Canty, appeals from the January 25, 2018 Order entered in the Philadelphia Court of Common Pleas dismissing as untimely his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

On October 30, 1996, a jury found Appellant guilty of Second-Degree Murder, Conspiracy, and Robbery, for the shooting death of Police Officer Lauretha Vaird during a gunpoint robbery of a bank.[1] On December 17, 1996, the trial court imposed a sentence of life imprisonment without the possibility of parole. Appellant filed a direct appeal, but on July 24, 1997, this Court dismissed Appellant's appeal for failure to file a brief. Appellant's Judgment of Sentence, therefore, became final on July 24, 1997, at the conclusion of

---

[1] Appellant was born on March 17, 1973, and was 22 years old when he committed the crimes.

direct review. *See* 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Alcorn*, 703 A.2d 1054, 1056 (Pa. Super. 1997) (determining that judgment of sentence became final on the date that this Court dismissed the appellant's direct appeal for failure to file a brief and the appellant failed to seek further review with higher courts).

On March 25, 2016, more than eighteen years after his Judgment of Sentence became final, Appellant filed the instant *pro se* PCRA Petition, his first, raising a claim that his sentence is illegal under *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).[2] PCRA Petition, 3/25/16, at 3-4, 8. The PCRA court appointed counsel, who filed an Amended PCRA Petition on September 7, 2017, advancing the same claim and arguing that Appellant was under the age of 25 when he committed the crime and "was operating with reduced brain function or resources given his age[.]" Amended PCRA Petition, 9/7/17, at 2-3. On December 12, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition without a hearing as untimely. Despite being represented by counsel, on December 29, 2017, Appellant filed a *pro se*

_____

[2] In *Miller*, the U.S. Supreme Court held that it is unconstitutional for state courts to impose an automatic life sentence without possibility of parole upon a homicide defendant for a murder committed while the defendant was under eighteen years old. *Miller*, 567 U.S. at 470. In *Montgomery*, the U.S. Supreme Court held that its decision in *Miller, supra,* applies retroactively. *Montgomery*, 136 S.Ct. at 732, 736.

Response; Appellant's counsel did not file a counseled Response.[3] On January 25, 2018, the PCRA court dismissed Appellant's Petition as untimely. This timely appeal followed.[4]

Appellant raises the following issue on appeal: "Did the Honorable PCRA Court err when it denied [Appellant] relief on his PCRA Petition without conducting an evidentiary hearing?" Appellant's Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

_____

[3] Because counsel represented Appellant, this *pro se* filing was a legal nullity. *See Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016) (explaining that generally hybrid representation is not permitted in Pennsylvania and *pro se* motions filed when a petitioner is represented by counsel are legal nullities).

[4] On February 21, 2018, Appellant filed a *pro se* Notice of Appeal, which this court is required to docket despite the fact that Appellant is represented by counsel. *See Williams*, 151 A.3d at 624 (holding that, unlike other filings, because a notice of appeal protects a constitutional right this Court is required to docket a *pro se* notice of appeal despite an appellant being represented by counsel). The trial court did not order a Pa.R.A.P 1925(b) Statement. The trial court issued a Pa.R.A.P. 1925(a) Opinion. Appellant filed a counseled Brief on October 12, 2018.

In order to obtain relief under the PCRA, a petition must be timely filed. *See* 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's Petition, filed more than eighteen years after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).[5]

Here, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii), alleging that his sentence is illegal based on a newly recognized constitutional right under *Miller,* which, he argues, is retroactive in its application pursuant to *Montgomery. See* Appellant's Brief at 6; 42 Pa.C.S. § 9545(b)(1)(iii).

As long as this court has jurisdiction over the matter, a legality of sentence issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of

---

[5] Effective December 24, 2018, Section 9545(b)(2) now provides that for claims arising on or after December 24, 2017, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

sentencing issue must be raised in a timely filed PCRA Petition over which we have jurisdiction. *See* 42 Pa.C.S. § 9545(b); ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Appellant filed the instant PCRA Petition on March 25, 2016, which was within 60 days of the issuance of the ***Montgomery*** decision (decided January 25, 2016).

Nevertheless, Appellant's ***Miller*** claim fails. Appellant correctly asserts that the holding in ***Montgomery*** is that the rule announced in ***Miller***, ***supra***, is substantive for purposes of retroactivity. However, because Appellant was 22 years old at the time he committed the murder, ***Miller*** is inapplicable. *See* ***Commonwealth v. Lawson***, 90 A.3d 1, 6 (Pa. Super. 2014) (stating that the holding in ***Miller*** is limited to those offenders who were juveniles at the time they committed their crimes). Further, an *en banc* panel of this Court has recently refused to render relief on the brain science argument that Appellant raises in his Amended PCRA Petition and again in his Brief. *See* ***Commonwealth v. Lee***, ____ A.3d ____, 2019 PA Super 64, *5-8 (filed March 1, 2019) (*en banc*) (holding that appellant, who was over 18 years of age at the time of her offense, could not invoke ***Miller*** as an exception to the PCRA time-bar, despite her argument that "immature brain" studies would have established that her brain was underdeveloped at time of her crime). *See*

*also Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (rejecting the 19-year-old appellant's argument based on neuroscientific theories of brain development that he is entitled to PCRA relief because he was a "technical juvenile" at the time he committed his crimes).

In conclusion, Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and the PCRA court properly dismissed Appellant's Petition as untimely. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/19